IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 3:19-00096-01

JAMES WAYLON MOLINARO

**MEMORANDUM OPINION AND ORDER**

On February 10, 2022, Defendant James Waylon Molinaro filed a *pro se* Motion for Compassionate Release or Reduction in Sentence. ECF No. 127. In support of his motion, Defendant argues: (1) he fears contracting COVID-19 while incarcerated; (2) his mother has medical and financial issues that make it difficult for her to care for Defendant's two children; and (3) he has had good behavior while incarcerated, has participated in programming, and has a post-release plan. The Government has responded that it objects to the motion. Upon consideration of the parties' arguments and evidence, the Court **DENIES** the motion for the following reasons.

On July 31, 2019, Defendant plead guilty to Possession with Intent to Distribute a Quantity of Marijuana, in violation of 21 U.S.C. § 841(a)(1), and for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). As part of his plea, Defendant admitted to being involved in a scheme in which large amounts of marijuana were mailed from California to West Virginia. He also admitted to being a prohibited person with a revolver and firing multiple shots in the parking lot of a strip club after being asked to leave the establishment because he had the firearm. On November 18, 2019, the Court sentenced Defendant to sixty months imprisonment on the drug charge, a concurrent sentence of seventy-eight months imprisonment on

the gun charge, and three years of supervised release.[1] According to the BOP, Defendant's projected release date is October 15, 2024.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. However, before defendants may request such a reduction, defendants must ask the Bureau of Prisons (BOP) to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*. In this case, Defendant filed a request for compassionate release with the BOP, and his request was denied. *See Ex. 1*, ECF No. 127, at 8.

When, as here, an inmate satisfies the administrative exhaustion requirement, courts have discretionary authority to reduce an inmate's sentence if there are "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, courts "*may* reduce the term of imprisonment . . . [1] *after considering* the factors set forth in section 3553(a) to the extent that they are applicable, [2] *if it finds* that . . . extraordinary and compelling reasons warrant such a reduction . . . *and* [3] [*if it finds*] that such a reduction is

---

[1] At the time of sentencing, Defendant was considered a career offender, having been previously convicted in this district of Distributing Cocaine in 1998 and a felony offense of Possession of Marijuana for Sale in California in 2013. Defendant also had several other offenses over the years. Nevertheless, the Court found criminal history category VI overstated his criminal history and granted a downward variance.

consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (italics and ellipses original; internal quotation marks and citation omitted). Although there currently is no "applicable policy statement[] that governs a *defendant's* motion for compassionate release, as distinct from a motion filed by the BOP on an inmate's behalf, . . . . U.S.S.G § 1B1.13 remains helpful guidance even when motions are filed by defendants." *Id*. (italics original; internal quotation marks and citations omitted).[2] In other words, even if an inmate has shown extraordinary and compelling reasons warranting a reduction, a court still must consider the applicable § 3553(a) sentencing factors and decide

---

[2]Section 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or
>
>   (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G § 1B1.13.

"whether to exercise its discretion to reduce the defendant's term of imprisonment." *Id*. (internal quotation marks and citations omitted).

Here, Defendant argues, in part, that the Court should grant him compassionate release because he is afraid of contracting COVID-19. During the pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that he will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D. W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).[3] In this case though, Defendant has not identified any underlying medical conditions that put him at increased risk of severe complications from the virus, and his medical records show he has received at least two doses of the Pfizer vaccine. Defendant focuses instead solely on his fear that he may contract the virus while incarcerated due to increased spread. However, there does not appear to be any widespread outbreak of COVID-19 where he is housed. Currently, Defendant is at FCI Beckley with 1,636 other inmates and, as of today, there are only five inmates and three staff members testing positive for the virus. https://www.bop.gov/coronavirus/ (last visited Aug. 10, 2022). The BOP is taking measures to stop any spread of the virus and, for the time being, it has ceased all visitations to the facility.

---

[3]The Court recognizes the Fourth Circuit has held that "use of a bright-line rule that accepts only the CDC's highest risk conditions is too restrictive." *Hargrove*, 30 F.4th at 195.

Given these facts, the Court finds Defendant's argument with regard to his fear of contracting COVID-19 does not justify a compassionate release reduction.

Defendant also seeks compassionate release because his mother's health is deteriorating, and he claims she is the sole caregiver to his two children.[4] Defendant states his mother is 69 years old and suffers from fluctuating weight, high blood pressure, diabetes, glaucoma, debilitating sciatica, fear of contracting COVID-19, and bipolar disease. He also alleges "she relies on a fixed income . . . and she is having difficulties providing meals for the children." *Motion for Compassionate Release or Reduction in Sentence,* at 3.

This Court certainly understands the difficulties many children face when their parents are incarcerated and is sympathetic to their plight. It is all too often that children pay the highest price for their parent's criminal acts, and grandparents and other relatives must step into sometimes challenging parental roles. Nevertheless, Defendant has not indicated his mother is either unwilling or completely unable to care for his children, and he has not provided the Court with any specific details of his mother's financial situation. Therefore, the Court cannot find compassionate release is warranted based upon the information Defendant has provided the Court.

Lastly, Defendant asks this Court to consider the efforts he has made to rehabilitate himself while incarcerated. He represents that he has never received a misconduct report, has completed several educational courses, has published three books, abides by the conditions of his

---

[4]Defendant claims that the mother of his children is not able to care for them because she is addicted to illegal drugs.

child support order, and has paid his special assessment.[5] He also asserts, once released, he will live with his mother and has lined up employment as a peer recovery coach. At the time he filed his motion, he further stated that he had served over 59% of his sentence.[6] Although the Court does consider these factors in evaluating whether release is warranted, the Court finds they are insufficient to justify release in this case.

Upon review, the Court commends Defendant for making efforts while incarcerated to improve himself and his prospects once released. Defendant attached certificates showing he completed classes in pre- and post-release preparation, job search skills, and a parenting class. He also claims to have completed a money 101 class, a real estate class, and a drug education class, and to have written three books. Rehabilitation, however, is to be "considered as one among other factors" as it "cannot serve as a basis for compassionate release" by itself. *United States v. Davis*, 2022 WL 127900, at * 1 (4th Cir. Jan. 13, 2022) (per curiam) (internal quotation marks and citation omitted). Upon considering an individualized assessment of Defendant's circumstances as a whole, the Court finds he has not demonstrated any extraordinary or compelling reason or combination of reasons justifying his release. While his rehabilitation efforts and post-release plan are commendable, they are insufficient given the gravity of his underlying crimes, one of which involved the dangerous use of a firearm by a prohibited person. At the time, Defendant not only knew it was illegal for him to possess a firearm, but he discharged his revolver multiple times in a parking lot where innocent bystanders could have been injured or killed. The Court simply is not

---

[5]Although Defendant states he has paid his special assessment, there are no payments reflected on the Court's docket sheet.

[6]The Court apologizes to Defendant for the delay in rendering this decision.

convinced that Defendant does not remain a risk to the public if granted early release. Thus, in light of the history and characteristics of Defendant, together with the nature and circumstances of his underlying offenses, the need to provide just punishment for those offenses, and the necessity to protect the public from future crimes by Defendant, the Court finds the § 3553(a) factors do not warrant release even if Defendant has provided an extraordinary and compelling reason for release. Therefore, the Court finds Defendant has failed to convince the Court to grant him release.

Accordingly, for the foregoing reasons, the Court finds no compelling and extraordinary circumstances exist from the totality of the evidence in the current record justifying compassionate release or a reduced sentence. Thus, the Court **DENIES** Defendant James Waylon Molinaro filed a *pro se* Motion for Compassionate Release or Reduction in Sentence. ECF No. 127.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: August 10, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE